Good morning. May it please the Court. Mr. Donath raises two procedural challenges to his sentence. First, his base offense level was improperly increased because he does not have a prior conviction for a crime of violence. Second, the prosecutor's refusal to move for the third level of acceptance of responsibility requires reverse and remand for resentencing because the desire to avoid litigating sentencing issues is not a proper basis to deny relief under 3E1.1b. Turning to the first issue presented on appeal, the District Court found that Mr. Donath's convictions for Iowa assault on persons in certain occupations causing bodily injury or mental illness was a crime of violence under the Force Clause. The District Court did so based upon Hamilton, where this Court held that the Defense Counsel needed to point to a specific case showing that state courts have applied this in a non-generic manner and their defense counsel had failed to do so. Mr. Donath, in this case, has provided this necessary case example. The parties appear to be in agreement that if this valid case example is provided, then overbreadth is established. Hamilton laid out that we know that this statute is indivisible between causing bodily injury and mental illness, so if one of those alternatives doesn't qualify, it's categorically overbroad. Are there any cases that say one case is enough? There are no cases that say one case is enough. There are lots of cases that say, point to a case where the state court has applied it in a non-generic manner. This Court and the Supreme Court have stated, you can even point to your own case. But I think it's kind of an inference that one case would be enough. If you can say, we know that my, it's not the case in this, Mr. Donath's case, but if a defendant came forward and said, we know this Iowa assault statute is overbroad because I was convicted based on facts that don't require a violent force. If a defendant can point to their own case, one case is enough. Can we tell that crystal clear from Hawk? Yes, Your Honor. And I would disagree, I generally disagree with the prosecution's assertion that this case example requirement needs to be one that's not only an appellate decision, nothing about what the Supreme Court said in Doris Alvarez requires it be an appellate decision, let alone an appellate decision where sufficiency of the evidence or the factual basis is being challenged. So Hawk's not an appellate decision? Hawk is an appellate decision. Our position is it doesn't even need to be. But this kind of, the concern is this moving the goalpost, what I think, is saying, what is a valid case example? Did Hawk involve physical contact? Hawk involved physical contact, yes. So to go to Hawk and what it actually established and how it shows that this statute can be a... Because Hawk is also unpublished, right? Correct. And we attempted to get the district court records, the trial court records, and it's even been expunged. We couldn't even get access to it. Right. So does that get you there, I guess, is my question? And is it crystal clear that it's saying that it is a case that relies on mental damage, so to speak? It is, Your Honor. While it's not a case where the defendant was arguing factual basis isn't supported, what was the factual basis was critical in the analysis for the arguments raised on the pill in Hawk. In Hawk, the question was whether the district court had the authority to order a sex offender evaluation and then later sex offender treatment. Under Iowa law, and I think this is pretty consistent, when looking at what is actually a factual basis and what is proven, they're limited to what a defendant actually admits at a guilty plea hearing. And then when it comes to minutes of testimony, the courts are only able to consider the bare minimum of what is necessary to establish a factual basis. So part of what the Iowa Court of Appeals did in Hawk, or the main thing they did, was say, okay, what is actually established? And there the court said, we know that the defendant admitted that he poked her stomach. We know that in his factual basis for a guilty plea, he acknowledged to insulting or offensive conduct that caused depression or anxiety. And the court said that was enough to establish a factual basis. Because this came into the analysis of what can we rely on from these minutes of testimony? Of course, the individual, the victim in that case, alleged more serious conduct. But the Court of Appeals said that's not proven. He didn't admit it. And we don't need to rely on it to find a factual basis for assault causing bodily injury or mental illness. Why isn't this panel bound by Hamilton? It's not because this panel is bound by state law. I know I've had this come up in a different context with Wisconsin burglary. And there this court had previously, based off of its analysis of state law, found that Wisconsin burglary was categorically, or it was an ACCA predicate for burglary. Then a Wisconsin Supreme Court decision came down that disagreed with that. The later panel, when this came up again, Wisconsin burglary came up again, reversed. And said, Lamb's clearly no longer good law. That was the initial decision. Because we're bound by state court as part of this categorical analysis, we don't need to go and bank, and we can reverse. And that's what the court did in, I think it was Devante Holston's case. So because this court and this categorical approach and these questions are governed by state law, if there's an indication that state law requires a result, and that's our position here, that Hawk indicates that Iowa Court of Appeals decision indicates that the statute can be applied in the non-generic manner that we're arguing that this court can and should reverse. But the Hawk decision should have been referred to or pointed out to the court in Hamilton. Yes. Right? But apparently it wasn't. It was not, Your Honor. Overlooked, whatever. Yes. It was, for whatever reason, missed. And I think that's... So that gets back. That's just an elaboration on the Chief Judge's question about, Hamilton makes a statement about how the Iowa statute should be treated, and we don't know why Hawk wasn't discovered or mentioned at that time. But we do have a case that makes this statement. It's not been overruled. Right. And I think... Is that a problem for us, if we want to... I don't think so, Your Honor. And I think another way of thinking of it, beyond the example I provided, is Hamilton came down to not... It wasn't even like the Wisconsin burglary issue, which dealt with a legal question. Hamilton came down to a burden of proof question. And there the court said, you're arguing for something that we think is fanciful and theoretical. You've got to provide a case example. You failed to do that here. So you haven't met almost your burden of proof. What we're asking the court to do here is say, you have met the burden of proof, because you have found this relevant case example, and it provided it to us. It doesn't necessarily require reversing Hamilton, but just simply saying, something's been established here that this court requires that the defendant fail to do so in Hamilton. So I don't think it's necessary for the issue to go in bank, especially when it is controlled by state law, and this court is bound by that. I'll turn next to the issue of the third level of acceptance of responsibility. Just as a general background of this issue, it's established that the prosecutor refused to move for the third level based off of Mr. Donoff's challenge to relevant conduct and the requirement that it prove up a sentencing enhancement at the hearing. The district court explicitly found that this, it was the plus four for in connection with. The district court explicitly found that this was a non-frivolous challenge on appeal, came down to an individual's credibility. As a preliminary matter, our position is that error was preserved on this argument. The parties talk a lot about the Jordan case and whether this supports that it's plain error or clear error. One thing I wish I had done is hammered a case that Jordan cites in its decision, which is this court's decision in Stacy. The problem in Jordan and why this court ultimately applied plain error review is there was really no argument as to why at the sentencing hearing, why the defense attorney thought it was wrong to not move for the third level. The defense attorney just asked the court to apply the third level. The district court responded, well, that's not my call. I'm not doing that, and that was the end of the record. What Jordan cited was Stacy, which the court obviously found was very different circumstances, and this court found error was preserved, where the court says, when you've laid out the argument for why you think it's necessary to move for the third level and urged that and you've provided a record on that, that is enough to establish error, and that was done here. There was a lengthy record as to this third level and why it was warranted and why it was inappropriate not to move for it. There was also a specific reference. Why does the conduct of the government here meet a standard of improper withholding that motion? And I think this comes down to, and what is concerning to me is, obviously the language of the guideline and some of the language from courts indicates that this is something the prosecutor moves for. That does not translate into the prosecutor has absolute authority and can decide to not move for the third level on whatever basis they want. You would concede, though, that it's some discretion granted to the government. Correct. And it would be a much different case if we were saying the prosecutor says that they couldn't add it. What standard do we apply to determine whether the basis for the withholding was improper? So our position is that it's clear error and it's got to be, it needs to be tied to a legitimate government interest. And I acknowledge it's a better argument for us on this new amended guideline that we know based off of the language of the guideline that legitimate government interest means avoiding. Were defendants' denial of certain conduct that would require the government to prove it, which it felt it could establish and would establish on known facts, constitute a rational reason? No, Your Honor, because while the government does have a discretion and it does have that power, the commission has laid out, the government has the power to say, you aren't awarded this third level because we didn't get to avoid preparing for trial. It doesn't mean you don't, the government can refuse or the prosecutor can refuse because you filed a motion to suppress, you asked for a detention hearing, or in this case, because you challenged relevant conduct and required a longer sentencing hearing. Our position is that, I don't know, maybe six of one, half a dozen of the other, you view it as a legitimate government interest. Our position is that it's limited to truly now, under this amended guideline, avoiding preparing for trial or just on the basis that, while the government has discretion and has the power to make this decision, this decision is limited to whether they could avoid preparing for trial under the guideline, not just whether it made them avoid work on a different issue  Within your rebuttal, you can continue if you like or reserve. I'll reserve the remainder of my time. Thank you. Thank you, Ms. Quig. Mr. Tremble. May it please the Court, Counsel. Mark Tremble, U.S. Attorney's Office, Cedar Rapids, Iowa. First of all, on the assault issue on Hawk, the issue is not whether the factual basis was challenged on appeal on Hawk. The reply brief characterizes our argument on that. It was unclear in the district court, in the Iowa district court, what the factual basis was. This was a written guilty plea form the defendant submitted that did not describe the physical contact. So it referenced the minutes of testimony where the victim said it was sexual contact and the defendant said there was a poke in the stomach. And then the written guilty plea that the defendant filled out said that it resulted in depression or anxiety and that it was insulting or offensive. So the district court accepted that plea, but it did so without specifying what subsection for the factual basis, what alternatives. It accepted it and said there was a factual basis. This is under serious misdemeanor in Iowa. The defendant can submit a written guilty plea and the court can rule on it. There was no requirement for a guilty plea colloquy where the defendant came out and said here is what I did to meet element one or element two or element three. So that's the record we have in the district court. The appeals court says, so the district court, Iowa district court, didn't say whether it was bodily injury or mental illness. The district court didn't say what subsection of the Iowa assault statute, 708.1. Then the appeals court looked at it and they addressed the sex offender condition and said the defendant didn't necessarily admit to facts requiring that condition. But as well, the appeals court and the district court, neither one found what the actual nature of the assault was. Neither one found whether it was bodily injury or mental illness. So this is not a case where a court, in fact, did apply the statute in the way that the defendant suggests doesn't meet the requirements under Duane S. Alvarez. Here, in this case, the district court, Judge Williams, said he could not discern what the district court found or didn't find, and that was correct. You can't tell from Hawk what that was. I would note that just because a defendant says in a plea form, alleges something, doesn't mean that is what the Iowa district court necessarily accepted. In this case, the defendant denied sexual contact and said he poked the victim in the stomach. Well, if that were the factual basis that the district court accepted, which that's not clear from the record, had that been it, poking in the stomach is causing pain, that's causing bodily injury, not mental illness. So the fact that the defendant argued, well, it was a poke in the stomach and the stomach could have caused depression and anxiety, that claim doesn't mean that's what the Iowa district court accepted. And so Hawk does not qualify as a case. Hamilton does apply in this case. Regarding the second issue on acceptance of responsibility, on the plain error issue, in Jordan, the defendant argued that the court should award third level, but that was not enough. The defendant didn't argue that it was error to refuse to award the third level. And here the defendant didn't go as far as the defendant in Jordan did. Now, the reply brief quotes a defense argument in this case on page 114. That argument that it quotes, it block quotes, is on the first two levels. But on the third level of acceptance, the defendant didn't say this third level should be awarded. The defense argued that the district court should impose a one level downward variance based on that. Finally, on the plain error, the defense cites Parani and says if the law changes on appeal, then that would be plain error. Parani said if the law at trial were clearly contrary to the law on appeal, that's not the case here. Plain error standard does apply. Jordan case from this court cited Wade, the Supreme Court case, a substantial assistance case, in addressing a 3E acceptance issue. The court may not order the third level unless there's an unconstitutional motive. Jordan also said that in that case it was a sentencing with a denial of relevant conduct, that that went to the issue of allocating the government's resources efficiently. Now, Brockman, a later decision by this court, quoted Amendment 775 extensively. To the extent that Brockman and Jordan either relied on the hortatory language in Amendment 775 or suggested that that could be a limitation on the government, we would disagree with that. And we would note that after this latest amendment, that language from Amendment 775 is now gone. One other point we would make on a statutory construction argument that the defendant advances. Defendant argues in the reply that the efficient allocation of resources is not alone enough to deny the to not to move for the third level in light of the new amendment, and makes a number of statutory construction arguments. Such an analysis might work if Congress had written all these provisions. It might work if the Sentencing Commission had written all these provisions. But trying to harmonize all those provisions in this case, the problem is Congress did several specific things in the PROTECT Act in 2003. Congress said the third level is only upon motion by the government. Congress said, put in the language about the efficient allocation of resources. Congress said in Section 401J4 that the U.S. Sentencing Commission cannot alter or repeal the amendments on acceptance. And the Sentencing Commission recognized this. So when the new amendment came down, the Sentencing Commission explained in the commentary that it defined the term preparing for trial. Preparing for trial does not include sentencing. Because it recognized Congress had said its own language couldn't be changed. Counsel, are there occasions when it's improper for the government to withhold the third point? As outlined in Wade, Your Honor, if it's an unconstitutional motive or the limitations, the same limitations that apply to the withholding of a 5K motion, that same analysis would apply here, is our position. But the Sentencing Commission, by adding in a definition of saying preparing for trial doesn't include sentencing, that doesn't change the fact that the language Congress put in 3E that said the efficient allocation of resources, that's still an independent ground. The grammar of that, it still reads that that alone is enough. And our position. What review standard do we apply to evaluate that decision by the government? In this case, it would be plain error review based on the defendants not objecting in this case. So basically, the government, in our view, had the sole discretion other than the limitations in Wade. The PROTECT Act is consistent with that. In addition, the efficient allocation of resources alone is a freestanding ground and independently sufficient basis for not moving for the third level. And so you say that's true, the statement you just made about the allocation of resources? Yeah. You say that's true even if the hindrance to the efficient allocation of resources is created because of sentencing arguments? That's correct, Your Honor. That's correct. The attempt to the Congress put in the language about efficient allocation of resources and the attempt by the sentencing commission basically to define preparing for trial does not change that language of efficient allocation of resources. And so we believe that applies at sentencing as well. I have one other question. If the court were to agree with the appellant on this Hawk, the first issue, what would be the appropriate relief or remedy in your view? In this case, if the court were to agree that Hamilton did not apply and that Hawk applied, then my recollection is that the district court did not say language that it would have given the same sentence regardless. So I think if the court went that way that it would be remanded. Do you think one example, one unpublished case, let's assume that Hawk actually was clearly an instance of assault resulting in mental injury case. Do you think one example is sufficient to make it non-fanciful, so to speak? I don't know the answer. I mean, I think as counsel pointed out, the case law says that a defendant can point to his own case. And so if a defendant can point to his own case, that that case is one example. It might depend on the strength of the example. I'm not recalling the specific case, the Wisconsin case that counsel was talking about earlier. But if it's the one where the circuit came back and reclassified a statute, and I think there was a case where the Seventh Circuit reclassified a statute. And so that was a significant change in the law. And then this court came back. That's the same case I'm thinking of. So I would say this. If you have an unpublished opinion and that one opinion were enough to support changing, reversing Hamilton basically, it had better be a very clear statement in that case. And that's not what we have here. Hawk, simply, there's just not enough on the factual basis to be able to tell what the district court did in that case. Counsel, if the case goes back for re-sentencing on the first issue, would that make it unnecessary to decide the second issue on the acceptance of responsibility matter? I don't know, Your Honor. Obviously, the court can determine the scope of remand if it decided to do that. But you don't have an opinion on that? If you doubt that, that's fine. I think the court could decide both issues, or it could defer on that if it wanted. I think that would be the court's option. If there are no further questions, we would ask that this court affirm. Thank you. Thank you, Mr. Truman. Ms. Quick? Thank you. I'll start with the discussion of Hawk and what was actually decided in that case as what the factual basis was and was sufficient. The court did analyze the factual basis, and the Court of Appeals noted that whatever was relied upon needed to specifically cause bodily injury or mental illness because this was under the enhancement penalty provision, not just 708.1, but the enhancement provision of 708.2, subsection 2.  which either laid out a poking of the stomach, which was insulting or offensive conduct that caused depression or anxiety, or as the victim in this case had alleged, a sexual assault. The Iowa Court of Appeals specifically stated the victim's description of physical contact between herself and Hawk was not necessary to establish a factual basis for the assault charge, and these FARCs were denied, so the court can't rely on them. So by stating that, the court is saying, that's irrelevant. Often like this court says, if you don't admit something or object to something in a PSR, we can't consider it. So the only thing it has is this poking and this admission of insulting or offensive contact. So we know based off of the decision, that's all that was required, and that's all that was admitted and established. As to the court's question of, does this court need to address the second issue if it reverses on the first? No, I don't think so. Generally, when this court reverses, when it's a direct appeal situation, reverses and remains for resentencing, and then the district court has to apply the guidelines that are in effect at the time of that sentencing. That would avoid this question that's currently being presented as to which guidelines manual do we rely on in this case, and the district court could analyze it now under this new amended guideline. I know there was a recent case from the circuit, the Worthington case, about scope of the remand and issues with that, but that was a little different, and that was a 2255 case, where obviously there's a lot more stringent limitations than dealing with a reversal on direct appeal, but I don't think it would be necessary if this court just reversed and remanded for resentencing. Thank you. Thank you, Ms. Quick. Thank you also, Mr. Tremble. The court appreciates the argument you've provided to the court this morning. We'll continue to study the case and render a decision.